UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY MOFFETTE,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 16-01976 AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

## I.

## BACKGROUND

Plaintiff Jerry Moffette filed his application for supplemental security income under Title XVI of the Social Security Act on July 19, 2012. After denial on initial review and on reconsideration, a video hearing took place before an Administrative Law Judge (ALJ) on August 13, 2014, at which Plaintiff testified on his own behalf. In a decision dated October 24, 2014, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council declined to set aside the ALJ's unfavorable decision in a notice dated January 29, 2016. Plaintiff filed a Complaint herein on March 22, 2016, seeking review of the Commissioner's denial of his application for benefits.

In accordance with the Court's Order Regarding Further Proceedings, Plaintiff filed a memorandum in support of the complaint on September 26, 2016 ("Pl. Mem."); the Commissioner filed a memorandum in support of her answer on October 26, 2016 ("Def. Mem."); and Plaintiff filed a reply on November 10, 2016 ("Pl. Reply"). This matter now is ready for decision.[1]

## II.

## DISPUTED ISSUE

As reflected in the parties' memoranda, Plaintiff has raised the following issue: Whether the ALJ properly evaluated the opinion of Plaintiff's treating physician Dr. Bleakley.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

---

[1] The decision in this case is being made based on the pleadings, the administrative record ("AR"), the parties' memoranda in support of their pleadings, and plaintiff's reply.

## IV.

## FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id*. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. *Id*. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. *Id*. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. *Id*. The claimant has the burden of proving that he is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a *prima facie* case of disability is established. *Id*. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. *Id*. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## V.

## THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 19, 2012, the application date. (AR 24.) At step two, the ALJ found that Plaintiff had the following severe impairments: bilateral lower extremity neuropathy and left hip osteoarthritis. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 25.) At step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b), except that he could sit, stand and walk six hours per work day; frequently climb, balance, stoop, kneel, crawl and crouch; occasionally use ladders, ropes or scaffolds; and must avoid concentrated exposure to extreme heat, cold and industrial hazard. (AR 26.) Plaintiff's RFC prevented him from performing any of his past relevant work. (AR 28.) Finally, at step five, based on Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there are other jobs (such as a cashier and information clerk) that exist in significant numbers in the national economy that Plaintiff can perform. (AR 28-29.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act. (AR 29.)

## VI.

## DISCUSSSION

It is well established in this Circuit that a treating physician's opinion is entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is

supported by sufficient medical data and is consistent with other evidence in the record. *See* 20 C.F.R. §§ 404.1527 and 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. *See Lester,* 81 F.3d at 830; *Baxter v. Sullivan*, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as in this case, an examining physician's opinion is contradicted by that of another doctor, the ALJ must provide specific and legitimate reasons that are based on substantial evidence. *See Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999); *Lester*, 81 F.3d at 830-31; *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

The Court concurs with the Commissioner that the reasons given by the ALJ for discounting the opinion of Dr. Bleakley meet this standard. One reason proffered by the ALJ was that, to the extent that Dr. Bleakley found plaintiff was not able to work, such an opinion was entitled to little weight because it involved an "issue reserved to the Commissioner." (AR 27.) The Court is mindful that an ALJ may not flatly reject a treating physician's opinion merely with an invocation that the opinion involved an issue reserved to the Commissioner, but instead must properly consider the physician's opinion about a claimant's ability to perform work. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("In disability benefits cases such as this, physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability ─ the claimant's ability to perform work.")

In this case, however, an additional reason ─ that was specific, legitimate and based on substantial evidence ─ supported the ALJ's decision to give little weight to Dr. Bleakely's opinion. The ALJ found that there was no objective evidence "such as MRI, x-rays, and EMG/nerve conduction studies" to support the functional limitations opined to by Dr. Bleakley. (AR 27.) Dr. Bleakley's opinion at AR 183-88 is expressed in a generally brief and conclusory form, and it lacks reference to objective study results. The law is well established that the Commissioner need not

accept a treating physician's opinion that is brief, conclusory, and inadequately supported by clinical findings. *See Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings"); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). The ALJ here properly followed this law in his assessment of Dr. Bleakley's opinion and made a rational interpretation supported by substantial evidence. *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

Plaintiff agrees that Dr. Bleakley did not rely on MRIs, x-rays, EMG, nerve conduction or other comparable studies in reaching his conclusion on functional restrictions. Instead, plaintiff points to Dr. Bleakley's reference to diminished sensation in the lower extremities according to a pinprick test and a motor strength of 4/5. (AR 186.) Yet Dr. Bleakley (and Plaintiff) provided no explanation how the terse observation from the pinprick test or the slight perceived decrease in motor strength led to his opinion of permanent disability. And the ALJ found that "slight abnormality in lower extremities do not support 10 pound lifting restrictions" recited in Dr. Bleakley's opinion. (AR 27.) Given the lack of sufficient objective evidence supporting Dr. Bleakley's opinion and the contrary evidence found in the record, this finding was properly within the ALJ's responsibility to translate and incorporate clinical findings into an RFC. *See Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Plaintiff also suggests in his opening brief at page 6 that the finding of severe impairments at step two precluded the ALJ from requiring Dr. Bleakley's disability opinion to be supported by objective evidence. But the law in this Circuit (and even plaintiff's reply at page 6) contradicts this argument because the "mere existence of an impairment is

insufficient proof of disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993).

\* \* \* \*

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: November 29, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE